IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMELIA MOORE** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:23-cv-66-HSO-BWR** |
| | § | |
| | § | |
| **SAM'S WEST, INC., et al.** | § | **DEFENDANTS** |

**ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE OR COMPLY WITH ORDERS [25], [26] & [27]**

THIS MATTER is before the Court sua sponte for case management purposes and upon Plaintiff Jamelia Moore's ("Plaintiff") failure to respond to three prior Court Orders [25], [26] & [27].  On August 15, 2023, United States Magistrate Judge Bradley W. Rath entered an Order [25] granting Plaintiff's attorney's Motion [24] to Withdraw as counsel.  Plaintiff was ordered to either obtain new counsel who would enter an appearance or to provide written notice to the Court that Plaintiff was representing herself in this case by September 14, 2023.  Order [25] at 2–3. Plaintiff was also "cautioned that the failure to prosecute this case or to comply with the Court's Order [25] may subject this case to dismissal."  *Id.* at 2 (first citing FED. R. CIV. P. 41; then *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).

As of September 14, 2023, Plaintiff had not responded to the August 15, 2023 Order [25].  Nor had any counsel made an appearance on her behalf in this action. So, on September 15, 2023, the Magistrate Judge entered an Order [26] to Show

Cause, which directed "Plaintiff to show cause why this case should not be dismissed for failure to prosecute" by October 6, 2023.  Order [26] at 1.  The Order [26] emphasized, "Should Plaintiff fail to respond by that date or fail to show good cause for not complying with this Court's prior Order [25], this matter may be dismissed without further notice to Plaintiff."  *Id.* at 2.

As of October 6, 2023, Plaintiff had not responded to the September 15, 2023 Order [26] to show cause.  Nor had any counsel made an appearance on her behalf in this action.  On October 11, 2023, the Magistrate Judge entered a Second Order [27] to Show Cause, which directed Plaintiff to "show cause in writing," by October 26, 2023, "why this case should not be dismissed for failure to prosecute and for failure to comply with the Court's August 15, 2023 Order [25] and September 15, 2023 Order [26]."  Order [27] at 2.  It further stated, "Should Plaintiff fail to respond by October 26, 2023, or fail to show good cause for not complying with this Court's prior Orders [25] & [26], this matter may be dismissed without further notice to Plaintiff."  *Id.*  Of note, the docket indicates that all the foregoing Orders [25], [26] & [27] were mailed to Plaintiff's last known address that her former counsel provided in the Motion [24] to Withdraw, and none have been returned as undeliverable.

The Fifth Circuit has explained that "[a] district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court," and "possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."  *McCullough*, 835 F.2d at 1127 (first citing FED. R. CIV. P. 41(b);

2

then *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).  Plaintiff has failed to prosecute her case or comply with the Court's prior Orders [25], [26], & [27]. Accordingly, the Court will dismiss the case without prejudice for failure to prosecute or comply with the Court's orders.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with court orders.

**SO ORDERED** this the 1st day of November, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

3